Michael J. Keenan, State Bar No. 003425
WARD, KEENAN & BARRETT, P.C.
3838 North Central Avenue, Suite 1720
Phoenix, Arizona 85012
Telephone Number: (602) 279-1717
Facsimile Number: (602) 279-8908
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

GARY TEEL and DAVID MARTIN, in their capacities as trustees of the Operating Engineers Local 428 Health & Welfare Trust Fund, Operating Engineers Local 428 Pension Trust Fund, Operating Engineers Local 428 Vacation Trust Fund, and Operating Engineers Local 428 Joint Apprenticeship Trust Fund,

Plaintiffs,

v.

CRABTREE CONTRACTING, L.L.C., an Arizona Limited Liability Company

Defendant.

CASE NO.

COMPLAINT

Plaintiffs allege as follows:

1. This is an action to recover contributions and wages due under the terms of a collective bargaining agreement between International Union of Operating Engineers Local 428 and Defendant Crabtree Contracting, LLC ("Crabtree"), an Arizona corporation, and to secure a payroll audit to determine the amounts due. Jurisdiction is conferred upon this court pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), as amended 29 U.S.C. § 186 and the Employee Retirement Income Security Act ("ERISA"), §§ 29 U.S.C. 1132 and 1145.

2. Plaintiffs, Gary Teel and David Martin, are duly appointed trustees of Operating Engineers Local 428 Health & Welfare Trust Fund, Operating Engineers Local 428 Pension Trust Fund, Operating Engineers Local 428 Vacation Trust Fund, and Operating Engineers Local

428 Joint Apprenticeship and Training Trust Fund (collectively referred to herein as "The Trusts"). Each of the Trusts have their principal offices and places of business in Maricopa County, Arizona.

3. Each of the Trusts is a jointly trusteed multi-employer trust fund created to provide benefits to employees of employers, including Defendant, covered under collective bargaining agreements with International Union of Operating Engineers Local 428. The Trusts were created under agreements and declarations of trust, and in accordance with §302 of the LMRA, 29 U.S.C.§ 186.

4. The Operating Engineers Local 428 Health & Welfare Trust Fund provides health insurance and short term disability benefits to employees and families of employees whose employers contribute to the Trust. The Pension Trust Fund provides pension benefits to employees of contributing employers on whose behalf contributions are made to the Trust. The Apprenticeship Trust Fund is a training program for apprentices and journeymen who work for contributing employers. The Vacation Trust accumulates after-tax wage withholdings and distributes them to employees on an annual basis.

5. Defendant Crabtree is an Arizona limited liability company which is engaged in business as a contractor in the building and construction industry. Crabtree maintains its principal place of business in Maricopa County, Arizona, and it is an employer within the definitions of the LMRA and ERISA.

**COUNT I**

**Action to Collect Contributions, Liquidated Damages, Interest and Attorneys Fees and to Secure a Payroll Audit**

Plaintiffs incorporate all the allegations contained in paragraphs 1 through 5 of the complaint.

6. On or about March 30, 2007, Crabtree entered into a collective bargaining agreement with Operating Engineers Local 428 ("the Agreement"), which required it to make hourly contributions to the Trust Funds on behalf of each employee performing work covered

under the Agreement - generally, heavy equipment operators, mechanics, oilers and apprentices. Copies of the pertinent provisions of the Agreement are attached as Exhibit A.

7. The agreements and declarations of trust for each Trust, which are incorporated into the Agreement, require that contributions be made no later than the fifteenth day of the month following the month in which employees performed work. Contributions received after the twenty-fifth of the month are subject to a liquidated damage assessment of $10.00 per fund, or ten percent (10%), whichever is greater.

8. For the period May 1, 2008 to the present, Defendant had an obligation to timely remit monthly reports and contributions to each of the Trusts. It failed to do so. Because the reports, showing the name, hours worked and contributions due for each employee performing covered work were not remitted, Plaintiffs are unable to determine the amounts due. The hourly contribution rates are set forth in the Agreement: Health & Welfare $4.95, Pension,$3.30, Apprenticeship $.26, Vacation, $.25.

9. Based upon the reports submitted by Defendant for the months in which they did report and contribute, Plaintiffs estimate that the following amounts of contributions and liquidated damages have become due and payable:

| | Contributions | Liquidated Damages |
|---|---|---|
| Health & Welfare | $103,500 | $10,350 |
| Pension | $73,600 | $7,360 |
| Vacation | $ 11,500 | $ 1,150 |
| Apprenticeship | $ 6,210 | $ 620 |
| Total: | $198,810 | $19,881. |

Plaintiffs will amend this paragraph to provide accurate information as to the actual contributions and liquidated damages due as soon as they have been provided with defendant's payroll records.

10. The agreements and declarations of trust for each of the Trusts provide for the payment of attorneys' fees in the event it becomes necessary to take action to collect unpaid contributions. ERISA § 1132(g) also provides for the payment of attorneys' fees as well as pre-judgment interest and liquidated damages.

11. Plaintiffs anticipate that additional contributions and liquidated damages will become due for hours worked beginning in May, 2008 and continuing through the present.

12. Because Defendant has failed to remit the necessary reports and contributions required under the collective bargaining agreement, Plaintiffs are not able to ascertain the total amount of additional contributions and liquidated damages which are now due, and which have or will become due on and after May, 2008.

13. The agreements and declarations of trust for each of the Trust Funds provide that the trustees or their designee may audit payroll records in order to determine the amounts of contributions and liquidated damages are due and payable. Plaintiffs have unsuccessfully attempted to arrange for a payroll audit.

14. Plaintiffs have made a number of demands upon defendant for payment of all amounts due and production of payroll records. Defendant has failed to comply with those demands.

WHEREFORE, plaintiffs pray for judgment against defendant on Count I as follows:

1. For judgment in the estimated amount of $ 218,691, representing contributions and liquidated damages due from May 1, 2008 to the present, and for additional contributions, liquidated damages incurred until such time as defendant is no longer contractually required to contribute to the Trusts.

2. For an order requiring defendant to promptly produce necessary payroll records to plaintiffs so that they can determine the names of all employees performing work covered under the Agreement, the dates and hours worked and the amount of unpaid contributions.

3. For pre- and post-judgment interest at the lawful rate.

4. For plaintiffs' reasonable attorneys' fees.

5. For such other relief as the court may determine to be appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 15th day of April, 2008.

WARD, KEENAN & BARRETT, P.C.

S/MICHAEL J. KEENAN

Michael J. Keenan, State Bar No. 003425
3838 North Central Avenue, Suite 1720
Phoenix, Arizona 85012
Attorneys for Plaintiffs